# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**SANTA WILLIAMS,**

        **Plaintiff,**

-vs-                                                **Case No. 6:09-cv-1056-Orl-19GJK**

**DELTA AIR LINES, INC., AIRTRAN HOLDINGS, INC., AIRTRAIN AIRWAYS, INC. ,**

        **Defendants.**

_____

# ORDER

This case comes before the Court on the following:

1. Motion to Change Venue by AirTran Holdings, Inc., and AirTran Airways, Inc. (Doc. No. 7, filed June 29, 2009);

2. Motion to Change Venue by Delta Air Lines, Inc. (Doc. No. 8, filed June 29, 2009);

3. Response in Opposition to Motions to Change Venue by Plaintiff Santa Williams (Doc. No. 29, filed July 16, 2009); and

4. Notice of Action by the Judicial Panel on Multidistrict Litigation and Suggestion for Expedited Ruling on Venue Motions, filed by AirTran Holdings, Inc. and AirTran Airways, Inc. (Doc. No. 31, filed July 17, 2009).

## Background

This action arises from an alleged price fixing scheme, in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1 (2006), between AirTran Holdings, Inc., AirTran Airways, Inc. (collectively, "AirTran"), and Delta Air Lines, Inc. ("Delta"), to jointly impose fees for the first

piece of luggage checked by customers traveling between Atlanta, Georgia and various destinations. (Doc. No. 1 ¶¶ 55-62.) Two other cases based on the same conduct have been filed in this District, seven cases have been filed in the Northern District of Georgia, and one case has been filed in the District of Nevada.[1] Airtran and Delta have moved to transfer venue of the cases filed in this District to the Northern District of Georgia. (Doc. Nos. 7, 8.)

**Analysis**

The parties agree that these cases feature substantially similar claims and therefore should be transferred somewhere for some form of consolidation. Their dispute concerns the details of transfer: when, to where, and by what mechanism.

Defendants AirTran and Delta seek immediate transfer to the Northern District of Georgia under 28 U.S.C. § 1404(a). Under that statute, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *Id.* Factors to consider in determining the propriety of transfer include:

---

[1] The cases pending in this District are: *Williams v. Delta Air Lines, Inc.*, No. 6:09-cv-1056-ORL-19GJK (M.D. Fla, complaint filed June 18, 2009); *Gale v. Delta Air Lines, Inc.*, No. 6:09-cv-1085-ORL-19GJK (M.D. Fla., complaint filed June 23, 2009); and *Levine v. AirTran Airways, Inc.*, No. 6:09-cv-1130-ORL-19DAB (M.D. Fla., filed June 30, 2009). The cases pending in the Northern District of Georgia are: *Avery v. Delta Air Lines, Inc.*, No. 1:09-cv-1391 (N.D. Ga., complaint filed May 22, 2009); *Edelson v. Delta Air Lines, Inc.*, No. 1:09-cv-1455 (N.D. Ga., complaint filed June 1, 2009); *Goldstein v. Delta Air Lines, Inc.*, No. 1:09-cv-1456 (N.D. Ga., complaint filed June 1, 2009); *Siegel v. Delta Air Lines, Inc.*, No. 1:09-cv-1585 (N.D. Ga., complaint filed June 12, 2009); *Whittelsey v. Delta Air Lines, Inc.*, No. 1:09-cv-1655 (N.D. Ga., complaint filed June 19, 2009); *Powell v. Delta Air Lines, Inc.*, No. 1:09-cv-1706 (N.D. Ga., complaint filed June 25, 2009), and *Jachimowcz v. Delta Air Lines*, No. 1:09-cv-1938 (N.D. Ga., complaint filed July 17, 2009). The case pending in the District of Nevada is *Mertes v. Delta Air Lines, Inc.*, Case No. 2:09-cv-01288 (D. Nev., complaint filed on July 16, 2009). These cases will be referred to collectively as the "baggage fee cases."

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). In addition, "[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Id.* (citations omitted); *accord KVAR Energy Savings, Inc. v. Tri-State Energy Solutions, LLP*, Case No. 6:08-cv-85-ORL-19KRS, 2009 WL 103645, at *15 (M.D. Fla. Jan. 15, 2009); *Autonation, Inc. v. Whitlock*, 276 F. Supp. 2d 1258, 1264 (S.D. Fla. 2003) (citing *Supreme Int'l Corp. v. Anheuser-Busch, Inc.*, 972 F. Supp. 604, 606 (S.D. Fla. 1997)).

Williams, on the other hand, requests that the Court take no action on the Motions to transfer. Williams and Laura Greenberg Gale, the plaintiff in another baggage fee case pending in this District, have moved the Judicial Panel on Multidistrict Litigation ("the Panel") to consolidate the baggage fee cases under 28 U.S.C. § 1407 in this District. (Doc. No. 29 at 7 n.2.) Three of the plaintiffs in the baggage fee cases pending before Northern District of Georgia have moved the Panel to have the baggage fee cases consolidated in the Northern District of Georgia under this same statute. (*Id.*)

Section 1407 permits "civil actions involving one or more common questions of fact [that] are pending in different districts" to be "transferred to any district for coordinated or consolidated pretrial proceedings." Unlike section 1404(a), section 1407 does not authorize full transfer of the case; although the transferee court has jurisdiction to rule on any pretrial motions, including

dispositive motions, the transferee court must remand the action to the transferor court for trial. *Id.*; *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 33-41 (1998) (determining that a court which had received transfer under section 1407, despite the authority to rule on "pre-trial motions," could not transfer a consolidated case to itself under section 1404 in lieu of remanding the case).[2]

The specific question presented by Defendants' Motions and Williams' Response is whether a court should rule on a motion to transfer under section 1404 while motions to transfer under section 1407 are currently pending before the Panel. The parties recognize that there is no controlling law mandating either result. Instead, each side cites expediency as support for its position: Defendants argue that the granting of their motions will probably obviate the need for the Panel to consider transfer under section 1407, (Doc. No. 7 at 3 n.3), while Williams argues that transfer under 1404(a) could be wasteful because, irrespective of this Court's action, the Panel may decide to transfer the cases to this District or elsewhere under section 1407, (Doc. No. 29 at 4).

Sections 1404 and 1407 are not mutually exclusive; they may be used in concert to further the common goal of expediently trying multidistrict litigation. *See Lexecon*, 523 U.S. at 39 (citing H.R. Rep. No. 90-1130, at 4 (1968)). However, Williams contends that centralization under section 1407 "is deemed preferable over [section] 1404 when substantially similar claims have been lodged against substantially similar defendants" because transfer under section 1407 best serves the convenience of the parties and witnesses, promotes the just and efficient conduct of this litigation,

---

[2] Further, unlike section 1404(a), cases may be transferred under section 1407 to judicial districts in which venue would be improper under 28 U.S.C. § 1391. *In re New York City Mun. Sec. Litig.*, 572 F.2d 49, 51 (2d Cir. 1978). However, Williams does not contend that venue would be improper in the Northern District of Georgia.

eliminates duplicative discovery, prevents inconsistent pretrial rulings, and conserves the resources of the parties, their counsel, and the judiciary. (Doc. No. 29 at 10.) Williams may be correct that transfer under 1407 is "preferable" in certain instances, but the Court does not accept that statement as a general rule.

In some cases, the venue question may be close, and different judges may reach differing conclusions on pending section 1404 motions. *E.g.*, *In re Oxycotin Antitrust Litig.*, 314 F. Supp. 2d 1388, 1389-90 (J.P.M.L. 2004) (consolidating, under section 1407, forty-four actions pending in twelve districts and involving eight defendants, despite pending motions to transfer under 1404). In such a case, waiting for action by the Panel may be preferable because it is the only mechanism by which all cases will end up in the same district for pretrial coordination. But in this particular case section 1404(a) points toward an obvious forum: the Northern District of Georgia. The "first-filed rule" strongly militates in favor of transfer to the Northern District of Georgia, and that District is the center of the conduct that gave rise to these cases.[3] As a result, such factors as (1) the

---

[3] Williams contends, "Because it is undisputed that Defendants are doing business in the Middle District of Florida, and two of the Defendants are headquartered there, Defendants cannot reasonably contend that litigation in the Middle District of Florida would be inconvenient." (Doc. No. 29 at 16.) These two Defendants are AirTran Holdings, Inc., and AirTran Airways, Inc., both of which are apparently part of the same airline brand. (*See id.*; Doc. No. 1 ¶ 2 (collectively referring to the AirTran entities as a single airline).) Williams acknowledges that Delta is headquartered in the Northern District of Georgia. (Doc. No. 1 ¶¶ 9-10.) Although Williams is correct that "the claims in this matter did not arise in the Northern District of Georgia alone," the common thread that runs throughout all of the alleged conduct is that it concerns flights to and from the airlines' hub airport within the Northern District of Georgia. (*E.g.*, *id.* ¶¶ 2, 17 (describing the "intense competition" between AirTran and Delta for flights to and from the hub)). In light of these facts, the Court rejects the notion that AirTran's Orlando headquarters makes this the District with the "greatest nexus" to the case. For the reasons specified below concerning why transfer under section 1404(a) is preferable to transfer under section 1407, the Court also rejects Williams' argument that this case presents "compelling circumstances" sufficient to overcome the "first-filed" rule. *See Covergys Corp.*, 430 F.3d at 1135 (describing the "compelling circumstances" exception).

convenience of the witnesses, (2) the location of relevant documents and the relative ease of access to sources of proof, (3) the convenience of the parties, (4) the locus of operative facts, and (5) the availability of process to compel the attendance of unwilling witnesses support transfer to the Northern District of Georgia. In sum, the appropriate forum for pretrial proceedings and, most importantly, *trial* is the Northern District of Georgia.

That being the case, expediency is not served by waiting for a Panel decision. If this Court grants Defendants' Motions, and the Panel would have chosen the Northern District of Georgia for section 1407 transfer anyway, this Court's decision moots the issue as to transfer of the instant case. If the Court grants Defendants' Motion, and the Panel chooses to transfer the baggage fee cases elsewhere for pretrial proceedings under 1407, the case will return to the appropriate forum, the Northern District of Georgia, on remand. Even if the Court grants Defendants' Motions, and the Panel chooses to transfer the baggage fee cases to back this District for Multidistrict Litigation pretrial proceedings, the cases would then be returned to the appropriate forum, the Northern District of Georgia, for trial.[4] Accordingly, the Court perceives no benefit in waiting for a Panel decision, and this case shall be immediately transferred to the Northern District of Georgia under 28 U.S.C. § 1404(a).[5]

---

[4] Whether the cases would stay in the Northern District of Georgia after the section 1407 remand would, of course, depend on the nature of the pretrial proceedings that occurred in this District. If this Court handled various pretrial dispositive motions or conducted a "bellwether trial," this Court's familiarity with the subject matter might persuade the judges of the Northern District of Georgia to transfer the baggage fee cases back to this District. *See* Manual for Complex Litigation, Fourth, § 20.133 (2004) (listing methods for the "transferee court to resolve multidistrict litigation through trial while remaining faithful to the *Lexecon* limitations"; noting that courts receiving remand under section 1407 may transfer the case back to the 1407 transferee for trial under section 1404).

[5] Further, the Court notes that the Panel granted a ten-day extension permitting up until
(continued...)

**Conclusion**

The Motion to Change Venue by AirTran Holdings, Inc. and AirTran Airways, Inc. (Doc. No. 7, filed June 29, 2009), and the Motion to Change Venue by Delta Air Lines, Inc. (Doc. No. 8, filed June 29, 2009) are **GRANTED**.[6] The Clerk of the Court is directed to transfer this action to the United States District Court for the Northern District of Georgia with a certified copy of this Order. The Clerk shall close the case file in this Court. Defendants shall immediately inform the Judicial Panel on Multidistrict Litigation of this Order.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on July 28, 2009.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record

---

[5](...continued)
July 31, 2009, for all parties to submit responses to the pending section 1407 motions to transfer. (Doc. No. 31-2 at 1-2.) The "[P]anel has been known to await [the] resolution [of certain pretrial motions, including motions to transfer under section 1404] before ruling on the [s]ection 1407 question." Hon. John F. Nangle, *From the Horse's Mouth: The Workings of the Judicial Panel on Multidistrict Litigation*, 66 Def. Couns. J. 341, 343 (1999).

[6] The Court will enter separate orders of transfer in *Gale v. Delta Air Lines, Inc.*, No. 6:09-cv-1085-ORL-19GJK and *Levine v. AirTran Airways, Inc.*, 6:09-cv-1130-ORL-19DAB.

Clerk of Court for the United States District Court for the Northern District of Georgia